[No. 25-40399-2.   Division Two.   November 18, 1969.]

VIVIAN W. TROTLAND, *Appellant,* v. NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, *Respondent.*

*Lester Stritmatter,* for appellant.

*Lane, Powell, Moss & Miller* and *John F. Sherwood,* for respondent.

304

PER CURIAM.—This is an appeal by plaintiff from the dismissal on the merits of her action to recover $3,000 under a double indemnity for accidental death provision of an insurance policy on her divorced husband's life. The defense was successfully predicated on the ground of suicide.

On August 5, 1966, insured decedent was found dead outside his cabin located on the outskirts of Olympia. He had been dead for a period of from 12 to 18 hours. His entire upper face and head had been shot away leaving the lower lip intact. There was no burning or searing of the decedent's body. The weapon apparently causing decedent's death was his own rifle which was found beneath his body.

The trial court, sitting without a jury, found that the muzzle of the rifle was in the decedent's mouth when the weapon was fired. The court also found that the position of the body when found was "consistent with the decedent having sat on a bench in the yard, or knelt down on the ground" and pulled the trigger. It further found that the rifle was in excellent mechanical condition and could not have been fired unless two safeties had been released and the trigger pulled. The court concluded that the death was suicide.

Plaintiff makes the following assignments of error: the finding as to sitting or kneeling of the decedent when the shot was fired; the finding of suicide; an alleged disregard by the court of the presumption against suicide; and dismissal of the complaint.

■ We consider the trial court's finding as to the position of the decedent's body when death occurred to be outside our scope of review as a finding of fact based upon substantial evidence contained in the record. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The holding of *Thorndike* disposes of the second assignment of error as to the finding of suicide as well. There is substantial evidence in the record to support this finding.

■ The next assignment of error as to the trial court's disregard of the presumption against suicide is not sup-

ported by the record. The evidence offered by defendant meets the requirements of *Selover v. Aetna Life Ins. Co.*, 180 Wash. 236, 38 P.2d 1059 (1934), and *Burrier v. Mutual Life Ins. Co.*, 63 Wn.2d 266, 387 P.2d 58 (1963), in that defendant produced expert witnesses testifying as to the physical circumstances of the accident and elicited testimony from plaintiff showing that the decedent suffered deep depression from time to time. The trial court determined that defendant's evidence preponderated over that of plaintiff. The defendant carried its burden of overcoming the presumption against suicide.

The first three issues being disposed of, the assignment of error as to dismissal falls accordingly.

The judgment is affirmed.